IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-02033-MSK-KLM

CHARLES A. BALDWIN,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____

## ORDER
_____

This matter is before the Court on **Defendant United States' Motion to Vacate Scheduling Conference and to Stay Discovery** [Docket No. 8; Filed October 31, 2011] (the "Motion").  Defendant United States seeks a stay of discovery pending resolution of its Motion to Dismiss [Docket No. 7; Filed October 31, 2011].  For the reasons set forth below, the Court **DENIES** the Motion.[1]

### Procedural Background

Plaintiff, who is proceeding *pro se*, initiated this lawsuit on August 5, 2011, pursuant to the Federal Tort Claims Act ("FTCA").  *Compl.*, Docket No. 1.  The facts of this case arise from an incident between Plaintiff and law enforcement personnel on April 5, 2010.  *Id.* at 3.  Plaintiff believes that the officer who arrested him, in conjunction with other police officers, conspired to maliciously prosecute him in the corresponding criminal matter, Case

---

[1]  Pursuant to D.C.COLO.LCivR 7.1C., a judicial officer may rule on a motion at anytime after it is filed.

No. 10-po-01136-KMT.  *Id.* at 6.  Plaintiff has appealed the disposition of the criminal matter to District Judge Philip A. Brimmer, in Case No. 11-cr-00018-PAB.  *Id.* at 9.  In the case at hand, Plaintiff asserts eight torts within his claim against Defendant: assault, battery, false imprisonment, abuse of process, malicious prosecution, intentional "and/or" negligent infliction of emotional harm, and civil conspiracy.  *See id.* at 9-12.  Plaintiff requests money damages and the expungement of his criminal record.  *Id.* at 13.

Defendant United States responded to Plaintiff's Complaint with the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), presently pending before the District Judge.  Docket No. 7.  In its Motion to Dismiss, Defendant asks the Court to take judicial notice of the findings of fact issued by Magistrate Judge Tafoya in the underlying criminal matter.  *Id.* at 3.  Pursuant to the findings of fact, Defendant contends that Plaintiff fails to state a claim upon which relief can be granted.  *See id.*  Although Defendant identifies Rule 12(b)(1) as a basis for dismissal, the Motion to Dismiss contains no further jurisdictional analysis, other than a brief statement that the United States cannot be sued for civil conspiracy because it is treated as a single individual in FTCA cases.  *Id.* at 17.

In the Motion at issue, Defendant asks the Court to vacate the Scheduling Conference and stay discovery in light of its assertion of sovereign immunity and in consideration of the ongoing criminal proceeding before District Judge Brimmer.  Docket No. 8 at 1.  Defendant represents that Plaintiff opposes the relief requested.  *Id.*  Defendant relies on the United States Supreme Court's jurisprudence regarding qualified immunity, as well as the factors the Court may consider in evaluating whether to impose a stay, articulated in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).  *Id.* at 4.  Defendant believes that the

*String Cheese* factors weigh in favor of imposing a stay.  *Id.* at 5.

## Analysis

Stays are generally disfavored in this District.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unpublished decision).  However, a stay may be appropriate in certain circumstances, and the Court weighs several factors in making a determination regarding the propriety of a stay.  *See String Cheese Incident, LLC*, 2006 WL 894955 at * 2 (denoting the five-part test).  The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general.  *Id.*  Here, although Defendant briefly mentions sovereign immunity in its Motion to Dismiss (related to only one of the eight torts alleged by Plaintiff), the bulk of Defendant's Motion to Dismiss is premised on Rule 12(b)(6).  Without a more substantive jurisdictional challenge to the lawsuit at hand, the Court declines to impose a stay of discovery, in consideration of the above-stated factors.

The Court has generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed.  As such, delay may diminish Plaintiff's ability to proceed.  By contrast, Defendant does not suggest any undue burden in proceeding with the case.  "The ordinary burdens associated with litigating a case do not constitute undue burden." *Collins v. Ace Mortg. Funding, LLC*, No. 08-cv-01709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008).  Although Defendant filed a Motion to Dismiss which may dispose of Plaintiff's case (and which touches on sovereign immunity in relation to one of Plaintiff's eight asserted torts), the motion is in large part not based on

grounds typically warranting the imposition of a stay.  For instance, while courts have frequently imposed a stay when issues relating to jurisdiction or immunity have been raised, motions relating to a failure to state a claim are not unique nor do they raise similar concerns that the defendants are unnecessarily subject to litigation.  *Cf. Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue).  On balance, the Court finds that the consideration of these two factors weighs against the imposition of a stay in this case.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general.  None of these factors prompts the Court to reach a different result.  The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable.  This is particularly true where there is a pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for which ultimate success is not guaranteed. While the Court identifies no particular interest of persons not parties in the litigation, the Court identifies a strong interest held by the public in general regarding the prompt and efficient handling of all litigation.  Under these circumstances, the Court finds that a stay of the case is not warranted.

### Conclusion

IT IS HEREBY **ORDERED** that Defendant's **Motion to Vacate Scheduling Conference and to Stay Discovery** [Docket No. 8; Filed October 31, 2011] is **DENIED**.

4

Dated: November 1, 2011 at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge