IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| CHARLES A. BALDWIN, | ) | |
| PLAINTIFF | ) | |
| v. | ) | Civil Action No. 11-cv-02033-MSK-KLM |
| UNITED STATES OF AMERICA, | ) | |
| DEFENDANT | ) | |

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 6 2011

GREGORY C. LANGHAM
CLERK

SCHEDULING ORDER

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

Scheduling Conference Date:    December 12, 2010

For the Plaintiff:    Charles A. Baldwin, *pro se*

73 Brookhaven Drive

Columbine Valley, CO 80123

(720) 979-7881

For the Defendant:    Juan G. Villasenor, Assistant U.S. Attorney

United States Attorney's Office

1225 Seventeenth Street, Suite 700

Denver, CO 80202

(303) 454-0185

1

## 2. STATEMENT OF JURISDICTION

Plaintiff proposes as follows: The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*), 28 U.S.C. §1346(b), 5 U.S.C. §§702-703, and 28 U.S.C. §1367.

Defendant states in its email as follows: "This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1346(b) and 2679."

## 3. STATEMENT OF CLAIMS AND DEFENSES

    a. Plaintiff(s):    Claims pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) for the following torts under Colorado law:

        Assault and Battery

        False Imprisonment

        Abuse of process

        Malicious prosecution

        Negligent infliction of emotional distress

        Intentional infliction of emotional distress

    **NOTE**: Plaintiff agrees with Defendant that civil conspiracy claim should be dismissed.

b. Defendant(s):   Plaintiff has been unable to have Defendant discuss this matter.

Defendant states in its email as follows: "In his complaint, Plaintiff Charles A. Baldwin has asserted the following tort claims under the Federal Tort Claims Act ("FTCA") against the United States: (1) assault; (2) battery; (3) false imprisonment; (4) abuse of process; (5) malicious prosecution; (6) negligent infliction of emotional distress; (7) intentional infliction of emotional distress; and (8) civil conspiracy. Doc. 1 at 10-11. Mr. Baldwin's claims arise from an incident that occurred on April 5, 2010, at the Denver Federal Center in which law enforcement officers of the U.S. Department of Homeland Security, Federal Protective Service ("FPS"), arrested and issued violation notices to Mr. Baldwin for speeding, failing to comply with a lawful order, and disorderly conduct. *See United States of America v. Charles Baldwin*, No. 10-PO-1136-KMT, Violation Notices, Doc.1.

As allowed by Fed. R. Crim. P. 58(b)(1), the United States Attorney later filed an information charging Mr. Baldwin with (1) failure to comply with a lawful order, 41 C.F.R. § 102-74.385; (2) disorderly conduct—impeding or disrupting performance of official duties, 41 C.F.R. § 102-74.390; and (3) attempting to obstruct a peace officer, 18 U.S.C. § 13 and Colo. Rev. Stat. § 18-8-104 and 18-2-101. *See Baldwin*, No. 10-PO-1136-KMT, Information, Doc.14. These offenses are misdemeanors. *See* 18 U.S.C. § 3559(a)(7); 41 C.F.R. § 102-74.450; Colo. Rev. Stat. § 18-8-104(1)(b)(4).

After a bench trial, Magistrate Judge Tafoya convicted Mr. Baldwin of the charged offenses. *Baldwin*, No. 10-PO-1136-KMT, Amended Judgment, Doc. 48. At the

3

conclusion of trial, Magistrate Judge Tafoya issued extensive findings of fact beyond a reasonable doubt. *Id.*, Transcript, Doc. 49 (Attached as Ex. A). Mr. Baldwin appealed his convictions and the matter is currently pending before Judge Brimmer. *United States v. Baldwin*, No. 11-cr-00018-PAB.

None of Mr. Baldwin's claims are plausible. Given Mr. Baldwin's criminal convictions, his claims for false imprisonment and malicious prosecution fail as a matter of law. In addition, Mr. Baldwin cannot show that the FTCA has waived sovereign immunity to allow his civil conspiracy claim against the United States. Under the FTCA, the United States is treated as a singular individual," and, thus, it cannot accomplish "an agreement by two or more persons."

Further, Mr. Baldwin does not have plausible assault and battery claims. He cannot establish that the United States intended the physical contact of his person during his arrest on April 5, 2010, to be harmful or offensive. Based on the findings of fact in Mr. Baldwin's criminal case, none of the FPS police officers who arrested Mr. Baldwin intended to have harmful or offensive contact with Mr. Baldwin. Instead, the FPS police officers made physical contact with Mr. Baldwin during his arrest because he knowingly failed to obey FPS Commander Kevin Lundy's lawful orders to (1) stop his vehicle after his initial encounter with Commander Lundy; (2) provide his driver's license, registration and proof of insurance despite repeated requests (after Mr. Baldwin finally pulled his vehicle over); (3) step out of his vehicle; (4) open the door of his vehicle so that he could be extracted from it; and (5) stop resisting his arrest. Accordingly, these claims fail.

Moreover, Mr. Baldwin has failed to allege any facts to support his abuse of process claim. First, he failed to allege that the United States instituted criminal proceedings for an ulterior motive — while he alleges in a conclusory fashion that "the principal reason for the defendant's action was other than to prosecute the Plaintiff for a crime," Doc. 1 at 7, there are no facts alleged that the United States had an ulterior motive for prosecuting Baldwin. Second, the allegations fail to establish that the United States used the criminal proceeding against Mr. Baldwin in an improper manner. As an initial matter, there were no procedural irregularities in Mr. Baldwin's prosecution. And Mr. Baldwin's allegation that an email from the prosecuting attorney regarding an offer of settlement for his criminal case does not establish that the criminal proceeding was for a purpose that the proceeding was not designed to achieve. Doc.1 at 7. This claim is, therefore, without merit.

Mr. Baldwin's claim for outrageous conduct is equally not plausible. His April 5, 2010, arrest for his failure to obey lawful commands, to impede or disrupt the performance of Commander Lundy's official duties, and to attempt to obstruct a peace officer is not outrageous as a matter of law. Further, the United States did not act with the intent of causing him severe emotional distress.

Nor is Mr. Baldwin's negligent infliction of emotional distress claim plausible. Given the finding in Mr. Baldwin's criminal case that "any injuries to [him] came directly from his own actions in not complying with police orders and engaging in activity which directly led to the injury," Doc. 20-1 at 247-48, he cannot establish that the United States was negligent. In sum, Mr. Baldwin's claims are without merit and should be dismissed with prejudice."

c. Other Parties:     Not applicable

## 4. UNDISPUTED FACTS

The following facts are undisputed:

Plaintiff has been unable to have Defendant discuss this matter with the Defendant, but believes many additional facts are undisputed.

Defendant states in its email as follows:

"1. Mr. Baldwin was convicted of the following petty offenses: (1) failure to comply with a lawful order, 41 C.F.R. § 102-74.385; (2) disorderly conduct—impeding or disrupting performance of official duties, 41 C.F.R. § 102-74.390; and (3) attempting to obstruct a peace officer, 18 U.S.C. § 13 and Colo. Rev. Stat. § 18-8-104 and 18-2-101. *See Baldwin*, No. 10-PO-1136-KMT, Doc. 49.

2. Mr. Baldwin appealed his convictions and the matter is currently pending before Judge Brimmer. *United States v. Baldwin*, No. 11-cr-00018-PAB."

## 5. COMPUTATION OF DAMAGES

Computation of Damages:

    1.    Compensation for time, effort, and costs incurred in defending the criminal prosecution of at least $100,000.00; and

2.  Economic and non-economic losses on all claims allowed by law of at least $350,000.00; and

3.  Medical expenses for treatment of physical injuries of at least $50,000.00; and

4.  Compensation for permanent disfigurement and loss of bodily function of at least $200,000.00; and

5.  Compensation for emotional distress, humiliation, loss of enjoyment of life of at least $300,000.00, and

6.  Attorney's fees and costs associated with this case of at least $100,000.00, and

7.  Pre-judgment and post-judgment interest.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. Date of Rule 26(f) meeting:   In spite of repeated requests by Plaintiff, the meeting was not held. Instead, Defendant provided an email containing its unilateral requirement for entry of its positions in the Scheduling Order.

b. Names of each participant and party he/she represented.

    For the Plaintiff:   Charles A. Baldwin, *pro se*

    For the Defendant:   Juan G. Villasenor, Assistant U.S. Attorney

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

    Plaintiff provided disclosures on October 11, 2011.

    Defendant has entered a date of December 2, 2011 in its email.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

    Plaintiff has been unable to have Defendant discuss this matter.

    Defendant states in its email as follows: "None".

e. Statement concerning any agreements to conduct informal discovery:

    Plaintiff is willing to consider informal discovery.

    Defendant states in its email as follows: "There will be no informal discovery." in its email.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

    Plaintiff has been unable to have Defendant discuss this matter.

Defendant states in its email as follows: "The parties plan on using an exhibit numbering system for depositions and will cooperate to reduce the cost of litigation wherever possible." in its email.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff has been unable to have Defendant discuss this matter and does not agree with the statement by the Defendant.

Defendant states in its email as follows: "The parties do not believe that this case involves extensive electronically-stored information. While much of the relevant discovery may exist in an electronic form, it also exists in paper form. In any event, the parties agree to produce such documents in ".tiff," ".pdf," or paper format."

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff has been unable to have Defendant discuss this matter. Plaintiff believes settlement is possible and does not agree with the statement by the Defendant.

Defendant states in its email as follows: "The parties discussed settlement at the Rule 26(f) conference. Given Mr. Baldwin's extant criminal convictions, it is unlikely that any settlement can be reached at this time."

## 7. CONSENT

The parties have not discussed this matter or reached agreement. Plaintiff consents to exercise of jurisdiction of any Magistrate Judge other than the Honorable Kathleen M. Tafoya for all matters other than the trial.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Plaintiff has been unable to have Defendant discuss this matter and has no basis to agree or disagree with the statement by the Defendant.

Defendant states in its email as follows: "There are no proposed modifications to the presumptive number of depositions or interrogatories contained in the federal rules."

b. Limitations which any party proposes on the length of depositions.

Plaintiff has been unable to have Defendant discuss this matter and has no basis to agree or disagree with the statement by the Defendant.

10

Defendant states in its email as follows: "There are no proposed modifications to the presumptive limit on the length of depositions contained in the federal rules."

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

Plaintiff has been unable to have Defendant discuss this matter and has no basis to agree or disagree with the statement by the Defendant.

Defendant states in its email as follows: "The parties agree to limit requests for production of documents to 25, per side, and requests for admission to 25, per side."

d. Other Planning or Discovery Orders: No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1A. If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding this issue. Both of these steps must be completed before any contested discovery motions are filed with the Court.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

Plaintiff has been unable to have Defendant discuss this matter and has no basis to agree or disagree with the statement by the Defendant.

Defendant states in its email as follows: "January 13, 2011."

11

b. Discovery Cut-off:

Plaintiff has been unable to have Defendant discuss this matter and has no basis to agree or disagree with the statement by the Defendant.

Defendant states in its email as follows: "May 12, 2012".

c. Dispositive Motion Deadline:

Plaintiff has been unable to have Defendant discuss this matter and has no basis to agree or disagree with the statement by the Defendant.

Defendant states in its email as follows: "June 13, 2012".

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff has been unable to have Defendant discuss this matter and has no basis to agree or disagree with the statement by the Defendant.

Defendant states in its email as follows: "The United States may designate an expert to conduct an independent psychological evaluation of Mr. Baldwin".

2. Limitations which the parties propose on the use or number of expert witnesses.

Plaintiff has been unable to have Defendant discuss this matter and has no basis to agree or disagree with the statement by the Defendant.

Defendant states in its email as follows: "Experts will be limited to two per side".

3. The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 20\_\_ .

Plaintiff has been unable to have Defendant discuss this matter and has no basis to agree or disagree with the statement by the Defendant.

Defendant states in its email as follows: "February 13, 2012".

4. The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 20\_\_ .

Plaintiff has been unable to have Defendant discuss this matter and has no basis to agree or disagree with the statement by the Defendant.

Defendant states in its email as follows: "March 13, 2012".

e. Identification of Persons to Be Deposed:

Plaintiff has been unable to have Defendant discuss this matter and has no basis to agree or disagree with the statement by the Defendant.

Defendant states in its email as follows:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of |
|---|---|---|---|
| **Plaintiff's List of Depositions:** | | | |
| TBD | TBD | TBD | __ hours |
| TBD | TBD | TBD | __ hours |
| TBD | TBD | TBD | __ hours |
| **Defendant's List of** | | | |
| Plaintiff | TBD | TBD | 7 hours |
| TBD | TBD | TBD | 7 hours |
| TBD | TBD | TBD | 7 hours |
| | | | |
| | | | |
| | | | |
| | | | |

f. Deadline for Interrogatories:

Plaintiff has been unable to have Defendant discuss this matter and has no basis to agree or disagree with the statement by the Defendant.

Defendant states in its email as follows: "The parties will serve interrogatories on opposing counsel no later than 33 days before the discovery cut-off date".

g. Deadline for Requests for Production of Documents and/or Admissions

Plaintiff has been unable to have Defendant discuss this matter and has no basis to agree or disagree with the statement by the Defendant.

Defendant states in its email as follows: "The parties will serve requests for production and/or requests for admission on opposing counsel no later than 33 days before the discovery cut-off date".

**10. DATES FOR FURTHER CONFERENCES**

a. A settlement conference will be held on_____ at _____ o'clock ___.m. It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( ) *Pro se* parties and attorneys only need be present.

( ) Pro se parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( ) Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b. Status conferences will be held in this case at the following dates and times:

15

c. A final pretrial conference will be held in this case on _____ at _____ o'clock _m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

Plaintiff has been unable to discuss this matter and does not agree with the statement by the Defendant.

Defendant states in its email as follows: "None".

b. Anticipated length of trial and whether trial is to the court or jury.

Plaintiff has been unable to discuss this matter and has no basis to agree or disagree with the statement by the Defendant.

Defendant states in its email as follows: "The parties anticipate a two-day trial to the Court".

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch

16

Street, Colorado Springs, Colorado.

Plaintiff has been unable to discuss this matter but agrees with the statement by the Defendant.

Defendant states in its email as follows: "None".

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties. Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED this 12th day of December, 2011.

BY THE COURT:

_____

KRISTEN L. MIX

United States Magistrate Judge

APPROVED:

s/ _____

CHARLES A. BALDWIN, PRO SE

73 Brookhaven Drive

Columbine Valley, CO 80123

Telephone: (720) 979-7881 pizwatc@hotmail.com


JOHN F. WALSH United States Attorney


s/ _____

JUAN G. VILLASEÑOR

Assistant United States Attorney

UNITED STATES ATTORNEY'S OFFICE

1225 Seventeenth Street, Suite 700

Denver, CO 80202

Telephone: (303) 454-0100 juan.villasenor@usdoj.gov