## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02033-MSK-KLM

CHARLES A. BALDWIN

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

## PROTECTIVE ORDER

---

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and sensitive data or records, IT IS ORDERED as follows:

1.    This Protective Order shall apply to the parties in this action, and shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term

3.    Information designated "CONFIDENTIAL" shall be information that, based on a good faith belief, is covered under the Privacy Act, or implicates personal data (such as social security numbers, performance appraisals, medical records, or tax returns) relating to Plaintiff, his spouse (if applicable), or employees of the U.S. Department of Homeland Security or the U.S. Department of

Justice.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.      CONFIDENTIAL Information may be reproduced electronically for litigation management purposes only.  The party (or his representative) designating any CONFIDENTIAL Information shall make the designation in the following manner:

     a.   By imprinting the word "CONFIDENTIAL" on all pages of any document or group of documents produced;

     b.   By imprinting the word "CONFIDENTIAL" on all pages to any response to a discovery request;

     c.   With respect to transcribed testimony, by giving written notice to opposing counsel (or party) designating such portions as "CONFIDENTIAL."

5.      Electronically reproduced CONFIDENTIAL Information must retain the mark "CONFIDENTIAL."

6.      CONFIDENTIAL Information shall not, without the consent of the party producing it or further order of the Court, be disclosed to any person, except that such information may be disclosed to:

     a.   attorneys actively working on this case;

     b.   the parties;

     c.   persons regularly employed or associated with the attorneys actively working on the case, including agency counsel, whose assistance is required by such persons in the prosecution or defense of this case;

     d.   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

     e.   witnesses or court reporting personnel at a deposition;

f.   the Court, and necessary Court staff, pursuant to Paragraphs 9, 10, and 11; and

g.   other persons by written agreement of the parties.

7.      Before disclosing any CONFIDENTIAL Information to any person listed in Paragraphs 6(c), 6(d), or 6(f), the party (or his representative) shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to inspection by counsel upon court order or by agreement of the parties.

8.      In the event that a party desires to file CONFIDENTIAL Information with the Court, the CONFIDENTIAL Information shall be filed in accordance with D.C.COLO.LCivR 7.2 and District of Colorado Electronic Case Filing Procedure ("ECF Procedures") VI.6.1, and must retain the mark "CONFIDENTIAL."

9.      If additional disclosure is needed of CONFIDENTIAL Information, counsel for the party (or the party) seeking additional disclosure will contact counsel for the producing/designating party to work out an appropriate procedure for such disclosure.  If the parties cannot resolve the dispute within ten (10) business days, either party may file an appropriate motion with the Court.  Said motion may attach the disputed CONFIDENTIAL Information as an exhibit to the motion.  If the disputed CONFIDENTIAL Information is attached as an exhibit to such a motion, it shall be filed in accordance with D.C.COLO.LCivR 7.2 and ECF Procedures VI.6.1, and must retain the mark "CONFIDENTIAL."

10.     A party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the

party designating the document as CONFIDENTIAL Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If the disputed CONFIDENTIAL Information is attached as an exhibit to such a motion, it shall be filed in accordance with D.C.COLO.LCivR 7.2 and ECF Procedures VI.6.1, and must retain the mark "CONFIDENTIAL."  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL Information under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL Information and shall not thereafter be treated as CONFIDENTIAL Information in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL Information.  The fact that information may come under definition of CONFIDENTIAL Information as used in Paragraph 3 shall not preclude the Court from determining that the information should not be afforded CONFIDENTIAL Information status.

11.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

12.     The provisions of this Order shall not limit the parties' ability to make full use of otherwise admissible Confidential Information at any stage of this litigation as necessary, including but not limited to, attachments to pleadings, exhibits to depositions or at trial.

13.     The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom.

14.    The parties will not waive the attorney-client privilege and/or work-product protection by their ~inadvertent~ disclosures of documents or information that are connected with this action.  Fed. R. Evid. 502(d).

*KLM*

15.    At the conclusion of this case, unless other arrangements are agreed upon, each party (or representative) shall immediately return all CONFIDENTIAL Information to the producing party and shall certify in writing that he has done so.  The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL Information pursuant to this Protective Order.

DATED this *19* day of January, 2012.

BY THE COURT:

_____
KRISTEN L. MIX
United States Magistrate Judge

Approved:

JOHN F. WALSH
United States Attorney

_____
CHARLES A. BALDWIN, pro se
73 Brookhaven Drive
Columbine Valley, CO 80123
Telephone: (720) 979-7881
pizwatc@hotmail.com

s/ Juan G. Villaseñor
JUAN G. VILLASEÑOR
Assistant United States Attorney
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0185
E-mail: juan.villasenor@usdoj.gov