IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-02033-MSK-KLM

CHARLES A. BALDWIN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Objection to the Order of Special Master** [Docket No. 51; Filed May 17, 2012] (the "Objection") and **Plaintiff's Motion to Amend Restirction [sic] on Number of Requests for Production Pursuant to Rule 34** [Docket No. 52; Filed May 17, 2012] (the "Motion").

Pursuant to the Preliminary Order Appointing Special Master for Discovery, Plaintiff's Objection shall be resolved by the Magistrate Judge.  *See* [#35] at 3.  Accordingly,

IT IS HEREBY **ORDERED** that Defendant may respond to the Objection [#51] on or before **June 4, 2012**.  Plaintiff may reply in support of his Objection within ***seven days*** of Defendant's response.

Regarding the Motion, Plaintiff asks the Court to amend the Scheduling Order to expand the number of permitted Requests for Production from 25 per side to an unidentified number "necessary to allow for the requests by the Plaintiff equal to the

amount that have already been used for the Restated Request Set, the Second Request Set, and the Third Request Set."  [#52] at 2-3; *see also* Sched. Ord., [#16] at 8.  Plaintiff contends that good cause exists to increase the number of permitted Requests for Production because Defendant will not respond to the issued Requests exceeding the present limitation, and Fed. R. Civ. P. 34 does not establish a limitation.  [#52] at 2.

The Scheduling Order may only be modified for good cause.  *See* Fed. R. Civ. P. 16(b)(4); *Ulibarri v. City & Cnty. of Denver*, No. 07-cv-01814-WDM-MJW, 2008 WL 4861925, at *1 (D. Colo. Nov. 10, 2008) (evaluating a request for an increase in the allowable number of discovery requests pursuant to the good cause standard); *Catholic Health Initiatives Colo. v. Gross*, No. 06-cv-01366-REB-BNB, 2007 WL 3232455, at *1 (D. Colo. Oct. 29, 2007) ("[A] scheduling order may be amended only upon a showing of good cause.").  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Gross*, 2007 WL 3232455 at *1.  "Rule 16 scheduling orders are at the heart of case management, and if they can be flouted every time counsel determines he made a tactical error in limiting discovery, their utility will be severely impaired."  *Home Design Serv., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, at *8 (D. Colo. Apr. 9, 2010) (internal punctuation and citations omitted).

Defendant's refusal to respond to discovery requests exceeding the bounds of the Scheduling Order does not demonstrate good cause to modify the discovery limitations stated therein, nor does the fact that Rule 34 does not inherently include limitations on the number of Request for Production that a litigant may serve.  The Court finds it notable that Plaintiff does not state how many additional Requests for Production he desires, nor does he attempt to demonstrate the relevance of the Requests that number outside of the

2

imposed limitation.  As mentioned by the Special Master, Plaintiff should be cognizant that this Court will not facilitate a fishing expedition by which Plaintiff can issue excessive discovery requests based only on speculation.[1]  See [#50] at 4.  Plaintiff fails to establish good cause for his requested and undefined modification of the Scheduling Order.  Accordingly,

IT IS FURTHER **ORDERED** that Plaintiff's Motion to Amend Restirction [sic] on Number of Requests for Production Pursuant to Rule 34 [#52] is **DENIED**.

Dated:  May 21, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

[1]  In any event, the relief requested in the Motion is duplicative of that pending before the Court in Plaintiff's Objection to the Order of Special Master.  See [#51] at 3-7.