# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Honorable Marcia S. Krieger

Civil Action No. 11-cv-02033-MSK-KLM

**CHARLES A. BALDWIN,**

    Plaintiff,

v.

**UNITED STATES OF AMERICA,**

    Defendant.

---

## OPINION AND ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND CLOSING CASE

---

**THIS MATTER** comes before the Court on the United States' Motion to Dismiss (**#7**), to which the Plaintiff Charles A. Baldwin responded (**#11**), and the United States replied (**#13**). Having considered the same, the Court **FINDS** and **CONCLUDES** as follows.

### I. Background

Mr. Baldwin asserts claims against the United States pursuant to the Federal Tort Claims Act ("FTCA") based on an incident occurring on April 5, 2010 at the Denver Federal Center. According to the Complaint (**#1**), Mr. Baldwin worked at the Federal Center. On the day of the incident, he was leaving work in his car when a federal police officer directed him to exit onto a state highway and then stopped him. The officer came to the side of the car, reached in through the open window and grabbed Mr. Baldwin's left wrist, accused him of resisting arrest, and ordered him out of the car. The officer then pulled Mr. Baldwin from the car and placed handcuffs on him extremely tightly, causing significant pain.

Mr. Baldwin was thereafter prosecuted for several misdemeanor offenses in Case No. 10-

PO-1136-KMT in this Court. After a bench trial was tried before Magistrate Judge Kathleen M. Tafoya. Mr. Baldwin was convicted of failure to comply with a lawful order, disorderly conduct, and attempting to obstruct a peace officer. The convictions are presently on appeal in Case No. 11-cr-00018-PAB.

In this action, Mr. Baldwin asserting the following causes of action under the FTCA: (1) assault; (2) battery; (3) false imprisonment; (4) abuse of process; (5) malicious prosecution; (6) negligent infliction of emotional distress; (7) intentional infliction of emotional distress; and (8) civil conspiracy.[1] The United States moves for dismissal of all of the claims arguing that the facts determined in the prior criminal prosecution should be given preclusive effect in this action.

## I. Analysis

### A.   Standard of Review for a Motion to Dismiss

The United States moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. There is a strong presumption against dismissal for failure to state a claim under Rule 12(b)(6). *See Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). However, a claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if the complaint contains sufficient facts for a court to draw an inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *id.* at 556). Although a plaintiff is not required to include detailed factual allegations in a complaint, the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and

---

[1] Mr. Baldwin has voluntarily dismissed the conspiracy claim. #23.

must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In reviewing a complaint under Rule 12(b)(6), a court should accept, as true, all well-pleaded facts and construe all reasonable allegations in the light most favorable to a plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

Here, however, the United States argues that the facts as alleged in the Complaint should not be accepted as true because the facts governing the claims have already been established in the criminal prosecution arising out of the same incident. The United States contends that the Court should take "judicial notice" of the evidence and Magistrate Judge Tafoya's findings of fact in the criminal proceedings to determine whether the Complaint states a plausible claim. Facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006). Courts may take judicial notice of court files and records as well as facts that are a matter of public record; however, documents such as court records "may only be considered to show their contents, not to prove the truth of matters asserted therein." *Id.* (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)). Therefore, while the Court certainly may take judicial notice that the criminal proceedings occurred and of the documents filed therein, the issue presented here is whether the facts established in that proceeding can be disputed in this one. To determine the answer to that question, the applicable legal doctrine is not judicial notice but rather issue preclusion.

**B.     Issue Preclusion/Collateral Estoppel**

"[I]ssue preclusion bars a party from relitigating an a factual or legal issue once he has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Park Lake Resources Ltd. Liability v. U.S. Dep't Of*

*Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004). In general, four conditions must be met for the doctrine of collateral estoppel to apply: (1) the issue previously decided must be identical to the one presented in pending case, (2) the prior case must have been finally adjudicated on the merits, (3) the party against whom the doctrine must have been a party, or in privity with a party, to the prior case, and (4) the party against whom the doctrine is invoked must have had a full and fair opportunity to litigate the issue in the prior action. *Id.*; *see also Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84 (Colo.1999) (identifying same factors) .Issue preclusion is an affirmative defense; thus here the United States bears the burden of proof. *Dave Peterson Elec., Inc. v. Beach Mountain Builders, Inc.*, 167 P.3d 175, 176 (Colo.App. 2007).

Assuming, without deciding, that two of the four elements are satisfied, the second and fourth elements are not because the factual determinations made by Magistrate Judge Tafoya, are currently on appeal. Due to the pendency of the appeal, the judgment of conviction is not final[2] and Mr. Baldwin has not exhausted his full panoply of rights with regard to it. At this juncture, the Motion to Dismiss is denied without prejudice.

However, because determination of this matter may hinge on the outcome of Mr. Baldwin's appeal, in the interest of efficiency and to prevent unnecessary duplicative litigation of factual issues, all deadlines in this case are stayed and it will be administratively closed until

---

[2]Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Therefore, the Court must "look to state law to resolve questions of substantive liability." *Miller v. United States*, 463 F.3d 1122, 1123 (10th Cir. 2006) (citation omitted). Although issue preclusion is recognized under federal common law, because it is a defense to Mr. Baldwin's state law tort claims, the Court applies Colorado state law. The Colorado Supreme Court has held that "for the purposes of issue preclusion, a judgment that is still pending on appeal is not final." *Rantz v. Kaufman*, 109 P.3d 132, 141 (Colo. 2005).

Mr. Baldwin's appeal in Case No. 11-cr-00018-PAB and any subsequent appeal is concluded. Within 21 days of the final resolution of all legal issues concerning Mr. Baldwin's conviction and appeal, either party may move to reopen this case.

Dated this 15th day of June, 2012

BY THE COURT:

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge