IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02033-MSK-KLM

CHARLES A. BALDWIN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the Special Master's **Motion to Compel Payment of Fees** [Docket No. 65; Filed July 10, 2012] (the "Motion"). Plaintiff filed a **Response to the Motion to Compel Payment of Fees** on July 20, 2012 [Docket No. 12]. The Court has reviewed the pleadings, the case file, and is fully advised in the premises. For the reasons set forth below, the Court respectfully recommends that the Motion be **GRANTED.**

## I. Procedural Background

Plaintiff is a licensed attorney who was driving his car from work at the Denver Federal Center on April 5, 2010 when he had an encounter with a police officer who is employed by the United States Department of Homeland Security. *Complaint* [#1] at 3-7. As a result of the encounter, Plaintiff was charged with failure to comply with a lawful order, disorderly conduct, and attempting to obstruct a peace officer. He was convicted of these charges in November of 2010. *Notice of Appeal*, Criminal Action No. 11-cr-00018-PAB. After sentencing, Plaintiff appealed his criminal conviction. The appeal is pending in Case No. 11-cr-00018-PAB.

1

Plaintiff filed this action on August 5, 2011, seeking damages pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*[1] He alleges that he suffered "damages to reputation, medical expenses, . . .permanent disfigurement and loss of bodily function, and emotional distress, humiliation and loss of enjoyment of life" as a result of the encounter. *Complaint* [#1] at 12.

On March 7, 2012, the Court preliminarily appointed a Special Master for the purpose of managing and supervising discovery and resolving discovery disputes in this case. [#35]. The Order appointing the Special Master was made final on March 15, 2012. [#37]. The Order authorized the Special Master to allocate fees and expenses relating to discovery disputes between the parties at his discretion, and required the parties to reimburse the Special Master for all reasonable fees and expenses incurred by him. *Id.* at ¶ 9.

On May 4, 2012, the Special Master entered an Order denying Plaintiff's Motion for Relief Regarding Discovery Responses and ordering Plaintiff to pay two-thirds of the costs with respect to disposition of the motion (hereinafter the "Special Master's Order"). [# 50]. Plaintiff filed an Objection to the Special Master's Order on May 17, 2012. [#51]. Defendant filed a Response to the Objection on June 8, 2012. [ #58]. On June 13, 2012, the Special Master filed an invoice for fees and costs incurred in connection with the discovery ruling, which showed Plaintiff's portion of fees and expenses to be $5,629.31. [#61]. On June 22, 2012, Plaintiff filed a Reply in support of his Objection to the discovery ruling. [#63].

The District Judge entered an Order staying deadlines in this case and

---

[1] Plaintiff is proceeding *pro se*, thus the Court is obligated to construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). However, Plaintiff's status as a licensed attorney reduces the deference to which he is entitled as a pro se litigant. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001)

administratively closing it on June 15, 2012. [#62]. The Court reasoned that "determination of this matter may hinge on the outcome of [Plaintiff's] appeal" of his criminal convictions, and therefore the interests of efficiency and prevention of duplicative litigation of factual issues warranted administrative closure. *Id.* On June 27, 2012, the Court entered an Order indicating that no discovery disputes would be adjudicated unless and until the case is reopened. [#64]. On August 24, 2012, the Special Master moved to resign for medical reasons. [#71]. The Court granted the Motion to Resign on August 24, 2012. [ #73].

The current posture of the case is that it remains administratively closed. However, as explained in more detail below, the Court has jurisdiction over the collateral issue of whether the Special Master is entitled to payment of his fees regardless of the outcome of Plaintiff's appeal of his criminal convictions. Accordingly, I **recommend** that the case be reopened for the sole purpose of ruling on the Motion.

## II. Analysis

Plaintiff objects to the Motion on several grounds. He first contends that Neil Peck, Esq., should be disqualified from continuing to serve as the Special Master because of "his role as a creditor demanding payment." *Response* [#68] at 2-3. The argument is unpersuasive, because it logically implies that every special master whose fees are not paid by a litigant in accordance with the terms of a lawful order of appointment is required to resign the appointment before attempting to collect. Neither Fed. R. Civ. P. 53 nor case precedent contemplates such procedural maneuvering. In fact, quite the opposite is true, as the rule permitting appointment of special masters is designed to assist the court, not to burden it by causing a potentially endless stream of appointments necessitated by a litigant's refusal to pay lawfully ordered fees. *See* Fed. R. Civ. P. 53 advisory committee's note (2003 Amendments); *In re African-American Slave Descendants' Litigation*, 272

3

Case 1:11-cv-02033-MSK-KLM   Document 74   Filed 09/17/12   USDC Colorado   Page 4 of 7

F.Supp.2d 755, 757 (N.D.Ill. 2003) ("The purpose of the special master is to assist the federal court in its effort to resolve complex litigation...."). Regardless, this objection is mooted by the Order permitting Mr. Peck to resign as Special Master. [#73].

Second, Plaintiff asserts that the Order administratively closing the case precludes the relief sought by the Special Master. [#68] at 3-4. More specifically, Plaintiff asserts that Mr. Peck may not obtain payment "solely at his whim" because the closing Order "has precluded any further action. . . until all legal issues concerning the related criminal case are resolved." Plaintiff further asserts that he has the right to assert that the Special Master's payment allocations "were erroneous." [#68] at 3. Plaintiff cites Fed. R. Civ. P. 53 and 37(b)(5) as authority for his positions.

Nothing in Fed. R. Civ. P. 53 addresses the Court's authority to enforce the terms of an Order appointing a special master in these circumstances. Despite the administrative closure of the case pending the outcome of Plaintiff's appeal of his criminal convictions, the Court retains jurisdiction over collateral issues, such as whether to enter a judgment for fees and costs. *See McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010) (holding that although the district court loses jurisdiction over the case upon the filing of an appeal, the court retains jurisdiction over collateral matters not involved in the appeal such as an award of fees and costs). In essence, the Motion seeks entry of such a judgment, and the Court acts entirely within its authority in ruling on the Motion. *See id.* Likewise, nothing in Fed. R. Civ. P. 37(a)(5) applies to the Special Master's Motion to Compel *Payment of Fees*. The rule deals exclusively with motions to compel "disclosure or discovery." Fed. R. Civ. P. 37(a).

In addition, the Order appointing the Special Master explicitly authorized him to allocate fees and costs in his discretion. I have reviewed Plaintiff's Objection to the Special

4

Master's Order [#51] and his Reply regarding the same [#63], to the extent that they inform Plaintiff's argument against paying the Special Master's fees because his discovery ruling and fee allocations were "erroneous." Because the case remains administratively closed, I decline to rule on Plaintiff's Objection to the Special Master's Order at this time. However, my review of the pleadings indicates that Plaintiff's arguments do not appear to have merit. As a result, Plaintiff has not demonstrated that the Special Master abused his discretion in allocating payment of fees and expenses relating to the discovery dispute at issue. *See Mid-Continent Cas. Co. v. Village At Deer Creek*, 685 F.3d 977, 981 (10th Cir. 2012) (holding that an abuse of discretion is "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.") (citations omitted). The Court therefore adopts the Special Master's allocation of fees and expenses. *See* Fed. R. Civ. P. 53(g)(3); *Atlantic Richfield Company v. American Airlines, Inc.,* 98 F.3d 564, 572 (10th Cir. 1996) (finding that district courts have discretion to apportion special master compensation among the parties).

Third, Plaintiff objects that the Special Master "lacks standing to file a motion in this case until his recusal," as he is a mere "contractor to Magistrate Judge Mix for the provision of certain legal services." [#68] at 4. Plaintiff makes this extraordinary assertion without citing any legal authority to support it. Moreover, Plaintiff makes this contention in derogation of the very Federal Rule of Civil Procedure on which he (erroneously) relied to support his earlier argument. Rule 53 explicitly allows the Court to appoint a master in these circumstances, and delineates the scope of the master's authority once appointed. Moreover, Rule 53(g)(1) explicitly requires the Court to fix a special master's compensation "on the basis and terms stated in the appointing order," and subsection (g)(2) requires that the special master's compensation "must be paid either by a party or parties or from a fund or subject matter of the action within the court's control." Plaintiff's argument that Mr. Peck

5

is "a mere contractor" to the magistrate judge is deeply misinformed. Even if Plaintiff's preposterous position that the Special Master lacks standing to obtain payment of his fees had merit, it is mooted by the Order permitting Mr. Peck to resign as Special Master. [#73].

Finally, Plaintiff objects that the Motion fails to comply with D.C.COLO.LCivR 7.1, which requires conferral among counsel and *pro se* parties before the filing of motions. Plaintiff contends that Mr. Peck is precluded from conferring with him about payment of his fees "until he recuses himself from his role as Special Master." [#68] at 5. Plaintiff's argument is patently frivolous for two reasons. First, conferral occurred. The Motion recites Mr. Peck's efforts to obtain payment by conferring with Plaintiff prior to filing the Motion, and indeed attaches copies of correspondence regarding the same. [#65-3, 65-4 and 65-6]. Second, Plaintiff may not impose a unilateral requirement that Mr. Peck must disavow his appointment prior to conferring about payment of his fees, because there is simply no legal basis for such a requirement. Indeed, Plaintiff has cited no rationale for his position other than his own musings. There is no authority supporting Plaintiff's demand for Mr. Peck's recusal or his imposition of it as a condition which must be met prior to conferring about payment of fees and expenses properly ordered.

Plaintiff's objections to the Motion are overruled. The Court respectfully recommends that the case be reopened for the sole purpose of ruling on the Motion, that the Motion be **GRANTED,** and that the Court enter judgment for Mr. Peck and against Plaintiff in the amount of $5,629.31, plus interest as allowed by law.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Dep't of Corr.,* 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.,* 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 17, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge