IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-02033-MSK-KLM

CHARLES A. BALDWIN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
RECOMMENDATION, AND GRANTING MOTION TO COMPEL**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff Charles Baldwin's Objections **(# 75)** to the Magistrate Judge's Recommendation **(# 74)** that the Special Master's Motion To Compel Payment of Fees **(# 65)** be granted, the Special Master's response **(# 76)**, Defendant United States' response **(# 77)**, and Mr. Baldwin's reply **(# 78)**.

## FACTS

This action arises out of an incident in April 2010 when Mr. Baldwin was subjected to a traffic stop on the grounds of the Federal Center in Lakewood, Colorado. An altercation ensued between Mr. Baldwin and the federal officer effecting the stop. Mr. Baldwin was arrested and charged with several crimes, including obstruction of a peace officer and failure to comply with a lawful order. The criminal charges against Mr. Baldwin proceeded to a bench trial before a Magistrate Judge in November 2010, and Mr. Baldwin was convicted on all counts. Pursuant to

Fed. R. Cr. P. 58(g), Mr. Baldwin subsequently appealed that conviction to the District Court. *United States v. Baldwin*, D.C. Colo. Cr. 11-cr-18-PAB. That appeal remains pending.

Meanwhile, Mr. Baldwin commenced this action *pro se* in August 2010. His Complaint (# 1) alleges a single (albeit multi-faceted) cause of action under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* On March 7, 2012, the Magistrate Judge appointed (# 35) Neil Peck to serve as a Special Master for the purpose of supervising discovery and resolving any discovery disputes. The Order appointing Mr. Peck provided that the parties would reimburse him for his services, and granting him the discretion to "allocate the fees and expenses between the parties."

On May 4, 2012, Mr. Peck issued a lengthy Order (# 50) resolving certain discovery disputes. He noted that Mr. Bladwin's interrogatories and requests for production substantially exceeded the numerical limitations put in place by the Scheduling Order, but also that the United States "has not been as fulsome in its initial disclosures . . . as it might have been," and thus contributed to the costs of resolving the matter. After making particular rulings on contested issues, Mr. Peck turned to the question of allocating the costs of his services. After noting that both parties bore some blame for the disputes, he concluded that one-third of his costs should be borne by the United States, while two-thirds of those costs should be borne by Mr. Baldwin.[1]

Mr. Baldwin filed an Objection (# 51) to the Special Master's Order. Although the bulk of his arguments addressed the Special Master's substantive rulings, Mr. Baldwin briefly addressed the Special Master's allocation of costs. Mr. Baldwin stated that the allocation "should be revised to reflect the relief granted for each specific Relief Number as determined by

---

[1] Mr. Peck subsequently filed his invoice for services (# 61), requesting reimbursement in the amount of $8,634.72. He calculated that, according to his allocation of costs and expenses, Mr. Baldwin's share was $ 5,629.31.

the Court after consideration of this Objection," essentially arguing that the question of allocation should be revisited if the Magistrate Judge found merit in his substantive objections to the Special Master's ruling.

Meanwhile, the United States moved to dismiss **(# 7)** Mr. Baldwin's claims, largely arguing that the factual findings made by the Magistrate Judge against Mr. Baldwin in his criminal trial operated as collateral estoppel on his civil claims. On June 15, 2012, this Court denied **(# 62)** that motion without prejudice, noting that Mr. Baldwin's convictions remained subject to appeal, and thus, any factual findings made in his criminal trial were not yet conclusive. The Court further found that "in the interest of efficiency and to prevent unnecessary duplicative litigation of factual issues," it was appropriate to administratively close Mr. Baldwin's civil case until the appeal of his criminal case was resolved, and thus directed the closure of the case. A few days later, the Magistrate Judge issued a Minute Order **(# 64)** noting the administrative closure of the case and stating that she would not adjudicate any further discovery disputes – including Mr. Baldwin's pending Objections to the Special Master's Order – until the matter was re-opened. However, she noted that "the parties' financial obligations to the Special Master remain current and valid."

On July 10, 2012, the Special Master moved **(# 65)** to compel Mr. Baldwin to pay his outstanding allocation of expenses. Mr. Peck noted that Mr. Baldwin had refused to pay, stating that the allocation of costs "is currently under appeal." Mr. Baldwin responded **(# 68)** to the motion, arguing (among other things), that Mr. Peck was a non-party and thus lacked standing to file the motion, that Mr. Peck was now obligated to recuse himself pursuant to 28 U.S.C. § 455

because he had now obtained a financial interest in the matter,[2] that the administrative closing of the case prevents any action on Mr. Peck's request, and that he believes that adjudication of his Objections will ultimately relieve him of any obligations to Mr. Peck.

On September 17, 2012, the Magistrate Judge issued a Recommendation **(# 74)** on the Special Master's motion. That Recommendation: (i) concludes that Mr. Baldwin's argument that the Special Master is required to now recuse himself was rendered moot by his withdrawal; (ii) that the Court retains the authority to address collateral issues, such as payment of fee awards, notwithstanding the closure of the case; (iii) that although the Magistrate Judge declined to address the merits of Mr. Baldwin's Objections to the Special Master's Order (due to the closure of the case), her review of Mr. Baldwin's Objections indicated that Mr. Baldwin's arguments "do not appear to have merit," such that it was appropriate to adopt that portion of the Special Master's Order that allocated his expenses; and (iv) that Mr. Peck had standing to request payment of his fees. Accordingly, the Magistrate Judge recommended that the case be reopened for the limited purpose of granting Mr. Peck's motion and directing Mr. Baldwin to make payment of Mr. Peck's expenses as originally allocated.

Mr. Baldwin filed timely Objections **(# 75)** to the Recommendation, arguing that it "offers no rationale for the narrow scope of reopening the case" and that "if the case is to be reopened, [it] should be reopened for resolution of all aspects of the discovery dispute" because the outcome of that dispute "is integral to the fundamental issue of which party pays which portion of the invoice." The Objections also raise several new arguments that Mr. Baldwin had not previously asserted: (i) that "the amount of the invoice is subject to dispute" because of

---

[2] Mr. Peck has subsequently withdrawn **(# 71, 73)** from further responsibilities in the case due to medical issues.

"potential double billing" and "duplicative work"[3]; and (ii) that the allocation of expenses "failed to reflect the mandatory considerations required by Rule 53(g)."

## ANALYSIS

### A. Standard of review

It is not immediately clear to the Court as to the standard that should be applied under Fed. R. Civ. P. 72 and 28 U.S.C. § 636 in addressing the Magistrate Judge's Recommendation. Carefully parsed, the Magistrate Judge's Recommendation has two components: (i) a recommendation that the case be reopened for the limited purpose of dealing with the Special Master's request for an order directing payment of his fees; and (ii) a finding that the Special Master's motion should be granted. Arguably, nothing in 28 U.S.C. § 636(b)(1)(A) prohibits the Magistrate Judge from conclusively determining a request <u>to reopen</u> a case (as compared to the statute's prohibitions on Magistrate Judges <u>dismissing</u> claims and actions). On the other hand, the Recommendation that the case be reopened arguably implicates this Court's June 15, 2012 Order closing the case, suggesting that any conclusive ruling modifying that Order should come in the first instance from the undersigned.

Similarly, it is not entirely clear to the Court whether the Magistrate Judge's Recommendation that the Special Master's motion to compel be granted is subject to review under Rule 72(a) or Rule 72(b). On the one hand, the Magistrate Judge possesses the power to enter direct orders relating to discovery, including the appointment and supervision of a Special Master; on the other hand, a request to compel payment of a Special Master's invoices could be

---

[3] The United States filed a response (**# 77**) conceding that a $90 charge by the Special Master for reviewing Mr. Baldwin's Objections to the Special Master's Order should be excluded from compensation, as such a charge did not relate to the services performed by the Special Master in managing or supervising discovery.

equated to a motion for imposition of attorney's fees against a party, which is treated as dispositive for purposes of review. *See e.g. Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 659 & n. 2 (9th Cir. 1993).

Faced with such uncertainty, this Court defaults to a scope of review that is most indulgent to Mr. Baldwin - review the objected-to portions of the Magistrate Judge's Recommendation *de novo*.

### B. Authority to reopen case

Mr. Baldwin's Objections do not argue that the Court lacks the authority to reopen the case for the limited purpose of addressing the Special Master's motion to compel payment. He simply contends that if the matter is reopened to address the payment of the Special Master's invoice, it should (or, arguably, must) be reopened to address the substantive discovery issues as well.

The Court disagrees. There is an inherent logic to the closure of the case pending Mr. Baldwin's appeals, in that Mr. Baldwin's failure to obtain reversal of his convictions could significantly affect the viability of many, if not all, of his claims in this case. Under such circumstances, it is logical for the matter to remain closed until that appeal is concluded. At the same time, there is also a logic to the Magistrate Judge's interpretation of the closure of the case as preventing adjudication of the substantive discovery dispute as well. In the same sense that affirmance of Mr. Baldwin's convictions might significantly circumscribe his claims, it might similarly circumscribe the scope of discovery. Thus, conservation of judicial resources favors the Magistrate Judge declining to resolve Mr. Baldwin's Objections to the Special Master's

Order until and unless Mr. Baldwin's appeal of his conviction is resolved, in part or whole, in his favor.

But there is less reason to delay in addressing the Special Master's motion. The right of the Special Master to prompt payment is not linked to any of the substantive dispute in this case; in other words, resolution of Mr. Baldwin's appeal will not affect the Special Master's entitlement to be paid. Moreover, as the Magistrate Judge noted, the Court may exercise jurisdiction to address collateral issues such as parties' obligations to pay sanctions or attorney's fees, even where the Court lacks (or, as here, is temporarily declining) jurisdiction over the merits of the action. *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010). Thus, there is no particular impediment to the Court proceeding to adjudicate the Special Master's motion, but leaving Mr. Baldwin's substantive Objections to the Special Master's Order in suspense.

### C. Whether reopening should also encompass the substantive discovery dispute

Mr. Baldwin makes a facially appealing argument: because allocation of the Special Master's expenses is necessarily dictated by the relative merits of the parties' arguments as to the underlying substantive discovery issues, it is impossible to conclusively apportion "fault" (and thus, responsibility for the expenses) without first resolving the substantive disputes. However, upon close consideration, the Court is not persuaded.

The Court begins with an observation that the Special Master is entitled receive timely payment for his services regardless of the correctness of his decision on the issues presented to him. The Magistrate Judge made clear that the parties would bear the costs of the Special Master's services, and no party filed any contemporaneous objection to shouldering that burden, at least in the abstract. The primary dispute highlighted by Mr. Baldwin's Objections is the

relative apportionment of those costs as between himself and the United States., not the obligation to pay his appropriate share of any invoice; indeed, even in his Objections to the instant Recommendation, Mr. Baldwin insists that he "intends to make timely payment of any amount determined to be due to the Special Master." It is clear that the parties agree that the Special Master has the right to prompt payment; they simply disagree as to which of them should be responsible for which portion of that payment.

Framed in that manner, this Court sees no injustice in directing the parties to make payment to the Special Master at this time, in the proportions initially allocated by him. Immediate payment promptly compensates the Special Master for his services and removes him entirely from this dispute. If, as Mr. Baldwin anticipates, the Magistrate Judge (or this Court) subsequently determines both (i) that the Special Master's substantive discovery rulings were in error; and (ii) that such error warrants a reallocation of the Special Master's expenses as between the parties in a manner favorable to Mr. Baldwin, any inequity can be readily remedied by a directive to the United States that it reimburse Mr. Baldwin for any excess sums Mr. Baldwin unnecessarily paid to the Special Master.[4] In this way, the Special Master receives prompt compensation, and, in the long run, the parties' relative contributions to that compensation are properly allocated in accordance with the eventual ruling on the substantive discovery issues.

The Court notes that such a procedure is entirely consistent with Fed. R. Civ. P. 53(g)(3), which expressly references "an <u>interim</u> allocation" of a Special Master's compensation may be made, and subsequently "amended to reflect a decision on the merits." *See Lago Agrio Plaintiffs v. Chevron Corp.*, 409 Fed.Appx. 393, 395 (2d Cir. 2010) (unpublished) (recommending a final

---

[4] The Court need not address, at this time, whether any such payment should include compensatory interest at some rate.

8

allocation of the Special Master's costs, based on the parties' relative culpability, "at the conclusion of his work" and providing for an interim allocation of costs according to a formula chosen by the parties or directed by the court).  This is precisely what this Court is directing: an interim allocation of the Special Master's expenses, 66% to Mr. Baldwin and 33% to the United States, to be amended if necessary upon the final adjudication of Mr. Baldwin's Objections to the Special Master's substantive rulings.

### D.  Remaining contentions

The Court rejects the bulk of Mr. Baldwin's remaining contentions – *e.g.* that the Special Master's invoice improperly "double bill[s]" firm overhead, or that the invoice might be "unreasonable" in some unspecified respect.  Mr. Baldwin had the opportunity to raise those objections at the appropriate time – that is, in responding to the Special Master's motion to compel payment – and he did not do so.  Thus, the Court deems those arguments to be waived.

However, the Court agrees with both Mr. Baldwin and the United States and finds, *sua sponte*, that a single entry on that invoice – a $90 charge incurred on May 21, 2012 for "review and analyze objection to Special Master recommendation – does indeed fall outside of the scope of the Special Master's appointment to "manag[e] and supervis[e] discovery and resolv[e] discovery disputes."  Although there could conceivably be situations in which such review of objections to the Special Master's Order could be deemed to be in furtherance of his duties (*e.g.* where the Special Master *sua sponte* reconsidered his Order in light of the objections, so as to cure an obvious error), the Court does not see such circumstances present here.  Accordingly, the Court strikes that single entry from the Special Master's invoice.

## **CONCLUSION**

For the foregoing reasons, Mr. Baldwin's Objections **(# 75)** are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Recommendation **(# 74)**, and the Special Master's Motion To Compel Payment of Fees **(# 65)** is **GRANTED IN PART**, except that the amount requested is reduced by $90 as discussed above. Mr. Baldwin shall make payment to the Special Master in the amount $ 5,569.31 within seven days of the date of this Order. Failure to make payment as directed may result in the imposition of sanctions in this action, and/or entry of a money judgment in favor of the Special Master and against Mr. Baldwin in that amount.

Dated this 8th day of February, 2013.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge